IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,566-02






EX PARTE EDWARD LEE WHITE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 15,577-A IN THE 258
TH JUDICIAL DISTRICT COURT


FROM POLK COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated assault
and originally received a probated ten-year sentence. His probation was later revoked, and he was
re-sentenced to seven years' imprisonment. 

 Applicant contends that TDCJ is failing to credit him with pre-sentencing jail time awarded
to him by the trial court. On August 30, 2006, this Court remanded the matter to the trial court for
findings regarding whether Applicant had properly exhausted his administrative remedies, and
whether TDCJ was giving him the proper amount of credit as shown on the judgment. On
September 26, 2006, the trial court ordered TDCJ to submit an affidavit responding to Applicant's
claims within 40 days of the date of the order. Because TDCJ failed to submit such an affidavit
within 40 days, the trial court entered findings of fact and conclusions of law indicating that it could
not determine the issues raised in Applicant's writ. The writ was forwarded to this Court and
received on April 11, 2007.

 The trial court's supplemental findings of fact and conclusions of law are not sufficient to
determine the issues raised in Applicant's writ. In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is
the appropriate forum for findings of fact.

 The trial court shall resolve the issues as set out in Tex. Code Crim. Proc. Art. 11.07, §
3(d), in that it shall order the Texas Board of Pardons and Paroles and /or the Texas Department of
Criminal Justice, Correctional Institutions Division, to file an affidavit stating whether Applicant
is receiving credit for the 177 days of pre-sentencing jail time credit awarded to him by the trial
court. The affidavit shall also state whether or not Applicant has submitted his claim to the time
credit resolution system of TDCJ, and if so, the date when the claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. If the trial court elects
to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant
at the hearing. Tex. C ode Crim. Proc. Art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by Tex. Gov't. Code § 501.0081(b)-(c). The trial
court shall then make findings as to whether Applicant is receiving the 177 days of pre-sentencing
jail time credit as noted on the judgment. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. However, the writ shall not be forwarded to this Court until the trial court
has obtained the affidavit from TDCJ and made the factual determinations required by this order.


Filed: May 2, 2007

Do not publish